IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| TRANQUILINO RODRIGUEZ, | ) ) | CASE NO. 08-80025-G3-13 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Trustee's Notice of Final Cure Payment and Motion to Deem Mortgage Current" (Docket No. 131). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Tranquilino Rodriguez ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 25, 2008. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Prepetition, Debtor executed a "Texas Home Equity Note," in the original principal amount of $98,400, payable to Centex Home Equity Company, LLC, with respect to real property located in League City, Texas. The note is silent as to the payment of property taxes and insurance with respect to the

property.  The note required Debtor to make payments of $791.05 per month.  (Trustee's Exhibit 2).

Debtor also executed a "Texas Home Equity Security Instrument."  The security instrument provides that, on the day periodic payments are due, Debtor is to pay the lender a sum to provide for the payment of escrow items, including amounts due for, <u>inter alia</u>, taxes and insurance.  The security instrument provides that those escrow items are secured by Debtor's interest in the property.  (Trustee's Exhibit 2).[1]

On February 1, 2008, Nationstar Mortgage LLC ("Nationstar") filed a proof of claim, based on the note and security instrument.[2]  In its proof of claim, Nationstar asserted a prepetition arrearage of $17,733.21.  (Trustee's Exhibit 2).

Debtor's third amended plan, filed on May 20, 2008, provided for Debtor to pay a total of $92,035.00 to the Trustee over 60 months.  Debtor's plan provided for disbursement by the Trustee of $17,733.21 to Nationstar over 53 months.  Debtor's plan also provided for disbursement by the Trustee to Nationstar of the $791.05 monthly mortgage installment.  The plan was silent as to the payment of taxes and insurance.  (Trustee's Exhibit 3).

---

[1] As the instant loan is a Texas home equity loan, Debtor is not personally liable on the loan.  The loan, however, may be enforced against the property.

[2] Although there is no evidence to this effect, the parties do not appear to dispute that Nationstar was empowered to file the claim.

2

Nationstar did not object to confirmation of Debtor's third amended plan.[3] Debtor's third amended plan was confirmed, by order entered on July 21, 2008. (Trustee's Exhibit 4).[4]

On August 3, 2011, Trustee filed a "Notice of Bar Date for Asserting Claim for Post-petition Charges Accruing on Residential Mortgage Claims" (Trustee's Exhibit 8). The notice details payments made by the Trustee on Nationstar's claim, and provides in pertinent part:

> This notice covers the period from January 25, 2008 through August 03, 2011. These payments should be applied pursuant to the terms of the confirmed/modified plan, beginning with the first installment due under the terms of the plan, and in accordance with the procedures in place in the Southern District of Texas.
>
> In order to collect a claim against the estate or the debtor for late charges, attorney fees, or other charges you believe are authorized pursuant to your agreement with the debtor (other than a claim for a regularly scheduled installment that became due within the period covered by this report) you must file your claim within sixty (60) days after the date of this report. You may file this claim by filing a supplemental proof of claim that clearly itemizes and identifies the charges being asserted.

(Docket No. 117).

---

[3] The court notes that Nationstar had objected to an earlier plan filed by Debtor. (Docket No. 13).

[4] Debtor filed a post-confirmation motion to modify the plan. (Trustee's Exhibit 6). The modification was approved, by order entered on July 13, 2009 (Trustee's Exhibit 7). The modified plan did not change the treatment of Nationstar's claim.

Nationstar did not file a supplemental proof of claim, or any other document claiming postpetition fees or charges, during the 60 days after August 3, 2011.

On June 18, 2012, Nationstar filed a "Notice of Post-Petition Mortgage Fee, Expenses, and Charges."  In the notice, Nationstar states that it incurred $151.38 for payment of hazard insurance on December 21, 2011.  (Trustee's Exhibit 9).

On July 20, 2012, Nationstar filed a second "Notice of Post-Petition Mortgage Fee, Expenses, and Charges."  In the notice, Nationstar states that it incurred five installments of $151.38 each, for a total of $756.90, during January, 2012 through May, 2012.  (Trustee's Exhibit 10).

On January 2, 2013, the Trustee gave notice that Debtor had completed all the payments called for under his confirmed plan, as modified.  (Docket No. 129).

On January 3, 2013, Trustee filed the instant motion, seeking an order deeming, pursuant to Bankruptcy Rule 3002.1(f), that Debtor's debt to Nationstar is current, that all escrow deficiencies have been cured, and that all fees of Nationstar have been satisfied in full.  (Docket No. 131).

On January 23, 2013, Nationstar filed a response to the instant motion.  In its response, Nationstar asserts that Debtor has paid the amount necessary to cure Debtor's prepetition

4

default on the note.  However, Nationstar asserts that Debtor has incurred a postpetition arrearage of $25,798.02.

On January 24, 2013, Debtor's discharge was entered. (Docket No. 139).

At the hearing on the instant motion, Debtor testified that he was aware that insurance was maintained on the property, but he does not know whether or how insurance premiums were paid. He testified that he presumed that everything was paid with the deductions from his pay.

Nationstar presented no evidence as to any disbursements it may have made for taxes or insurance.

## Conclusions of Law

On September 29, 2005, this court adopted Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments. ("Mortgage Procedures").  The Mortgage Procedures provide in pertinent part:

> 10. The chapter 13 trustee shall periodically, at least annually, file a report which sets forth the date and amount of each payment made by the trustee to a creditor whose claim is subject to these provisions. The report shall specify the period covered by the report, and identify the months for which each contractual payment is applied according to the records of the trustee.  The report shall be served on the debtor, debtor's counsel and each creditor holding a claim described on the report.  If a creditor seeks to make a claim against the estate or the debtor that arose within the period covered by the report (i.e. a claim for late charges or attorneys fees or any other charge authorized by the agreement with the debtor),

> such claim will be barred unless it is (i) filed within 60 days after receipt of this report; and (ii) is allowed pursuant to the terms of the confirmed plan.

> \* \* \*

> 12. These procedures may be varied in a particular case only by order of the Court.

Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments Adopted by the Court on September 29, 2005.

The Mortgage Procedures were in effect when the instant case was filed.

Trustee concedes that he did not file annual reports in the instant case. The only report Trustee filed was the report filed on August 3, 2011.

In In re Wagner, 2011 WL 2636841 (Bankr. S.D. Tex. 2011) the trustee failed to file annual notices as required in the Mortgage Procedures. The trustee in that case filed a motion to deem the mortgage current. The creditor responded that it had advanced funds for hazard insurance premiums, and asserted a postpetition arrearage. The court denied the motion to deem the mortgage current, holding that the debtor owed the creditor for advances that arose after the trustee's last notice, holding: "It would be unfair to disallow the creditor's reimbursement claim when the trustee failed to follow the applicable local rule and the creditor did not have actual notice."

In the instant case, Trustee did not file annual notices. However, unlike in Wagner, the Trustee filed a notice

on August 3, 2011, which was sufficient to alert Nationstar as to the need to make a claim for those charges. The court concludes that Nationstar is barred from collecting those charges arising prior to August 3, 2011.[5]

Bankruptcy Rule 3002.1 took effect on December 1, 2011. It provides in pertinent part:

> (c) Notice of fees, expenses, and charges. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.
>
> (d) Form and content. A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).
>
> (e) Determination of fees, expenses, or charges. On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense,

---

[5]The case cited by Nationstar, In re Oparaji, 698 F.3d 231 (5th Cir. 2012), is inapposite to the situation in the instant case. In Oparaji, the Fifth Circuit held that judicial estoppel did not apply to bar assertion in a later case of claims not pled in a proof of claim filed in an earlier dismissed Chapter 13 case. The instant case more closely resembles Wagner, in that Paragraph 10 of the Mortgage Procedures does not alter Nationstar's substantive rights, merely the procedures that must be followed to enforce them.

or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

(f) Notice of final cure payment.  Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim.  The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g).  If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.

(g) Response to notice of final cure payment. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code.  The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement.  The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

> (h) Determination of final cure and payment.  On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

Bankruptcy Rule 3002.1.

The Bankruptcy Code is not clear as to the burden of proof with respect to the court's determination under Bankruptcy Rule 3002.1(h) of whether a debtor has cured the default and paid all required postpetition amounts.  The court likewise has found no case law addressing this issue.  Bankruptcy Rule 3002.1 does provide that Bankruptcy Rule 3001(f), which otherwise grants a presumption of <u>prima facie</u> validity to a proof of claim, does not apply to supplements to the claim, including postpetition fees, expenses, and charges.  The court infers from the absence of a presumption of prima facie validity that the claimant bears the burden of proof under Bankruptcy Rule 3002.1(h).

In the instant case, after December 1, 2011, Nationstar filed two notices of postpetition fees, expenses, and charges, totaling $908.28.  Debtor did not object to those notices.  The notices were timely filed.  However, those notices do not enjoy a presumption of validity.  Nationstar presented no evidence of any disbursements, either before or after December 1, 2011.  The court concludes, under Bankruptcy Rule 3002.1(h), on the basis of the evidence before the court, that Debtor has cured the default, and paid all required postpetition amounts.

Based on the foregoing, the court will enter a separate Judgment granting the "Trustee's Notice of Final Cure Payment and Motion to Deem Mortgage Current" (Docket No. 131).

Signed at Houston, Texas on July 8, 2013.

*[signature]*

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE